UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **PAUL OZBURN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RTJ INVESTMENTS, LLC**, a Kansas registered company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Paul Ozburn ("Plaintiff Ozburn" or "Ozburn") brings this Class Action Complaint and Demand for Jury Trial against Defendant RTJ Investments, LLC ("Defendant" or "RTJ Investments") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls to consumers without consent, in addition to placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Ozburn, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Ozburn is a resident of Kansas City, Missouri.

2. Defendant RTJ Investments is a Kansas company headquartered in Kansas City, Missouri.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District and into this District where the Plaintiff resides.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2024 alone, at a rate of 146.9 million per day. www.robocallindex.com (last visited May 27, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

13. RTJ Investments is a real estate investment company that purchases homes from consumers in Kansas and Missouri.[3]

14. Defendant RTJ Investments places calls to solicit its home buying solutions.

15. Ricky Thomas Jr. is the owner and CEO of RTJ Investments:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://rtjinvestments.com/About-RTJ/

3



16. In job postings, Thomas advertises job openings for real estate cold callers.

17. Defendant RTJ Investments places pre-recorded solicitation calls to consumers to solicit its home buying solutions.

18. Consumers have posted pre-recorded calls that they received from RTJ Investments online with voicemails that are identical to the pre-recorded voicemail message that Plaintiff received:

---

[4] https://www.instagram.com/rickythomasjr_/tagged/
[5] https://www.onlinejobs.ph/jobseekers/job/Real-estate-Cold-Calling-1123917

4



19. In addition, RTJ Investments places solicitation calls to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

20. The calls that RTJ Investments places to consumer phone numbers are solicitations.

21. When a consumer sells a property to RTJ Investments, they will receive less money than they would otherwise sell through a licensed real estate agent or by selling it as a For Sale By Owner.

22. For example, Thomas explains in an Instagram video how he paid $248,000 to acquire a property that he then sold at market value for $300,000.[8]

23. RTJ Investments advertises the fact that it purchases homes from consumers as-is, without staging or renovations:

---

[6] https://www.nomorobo.com/lookup/816-427-0207
[7] Recording: https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/RE0d6760f65f9e68c2a0f38a3d1cda7b09
[8] https://www.instagram.com/p/C4txXZkrJjo/

5

> When selling through traditional channels, the pressure to make your home 'market-ready' can be immense. Repairs and renovations are not only costly but also time-consuming. On the other hand, investors like RTJ Investments typically buy homes 'as-is.' This means you can skip the headache of renovations and repairs, saving both time and money.[9]

24. As a result of the above, the consumer is incurring a cost based on the depreciated offer of the property that a cash offer represents through RTJ Investments.

25. In response to these calls, Plaintiff Ozburn brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF OZBURN'S ALLEGATIONS

26. Plaintiff Ozburn is the sole owner and user of his cell phone number ending in 7889.

27. Plaintiff Ozburn registered his cell phone number on the DNC on June 21, 2007.

28. Plaintiff Ozburn uses his cell phone number for personal use only as one would use a landline telephone number in a home, including to communicate with family and friends.

29. Plaintiff Ozburn has never advertised his cell phone number online or used it for business purposes.

30. The calls that Plaintiff Ozburn received from RTJ Investments were received more than 31 days after the Plaintiff registered his cell phone number on the DNC.

31. On November 30, 2023 at 2:04 PM, Plaintiff Ozburn received an unsolicited call to his cell phone from 816-237-8732.

32. This call was not answered, but a pre-recorded voicemail was left identifying the company name RTJ Investments:

---

[9] https://rtjinvestments.com/2024/01/29/why-selling-your-home-in-kansas-missouri-to-an-investor-might-be-your-best-option/

6

"Hi, this is Ryan with RTJ investments. If you are looking to sell your property in as is condition for the right price, please feel free to give me a call or shoot me a text at 816-237-8732. That's 816-237-8732. Thank you."[10]

33. Plaintiff Ozburn believes that this voicemail was pre-recorded because the recording sounds robotic with unnatural intonation. In addition, the voicemail is generic and identical to voicemails that other consumers posted online:



[11] [12]

34. On May 10, 2024 at 6:41 PM, Plaintiff Ozburn received a 2nd unsolicited call to his cell phone, this time from 816-370-8712.

35. When Plaintiff Ozburn answered this call, an employee stated that her name is Grace and that she was calling from RTJ Investments.

---

[10] https://www.dropbox.com/scl/fi/trftpo6wrmx0lpop5w9ru/18164270210_693213043757830195612.amr?rlkey=xkg4vniwikbbay1y086jo9jq3&dl=0
[11] https://www.nomorobo.com/lookup/816-427-0207
[12] Recording: https://nomorobo-twilio-recordings.s3.amazonaws.com/honeypot/RE0d6760f65f9e68c2a0f38a3d1cda7b09

7

36. Grace told Plaintiff Ozburn that she was calling to provide a cash offer to buy Plaintiff's property.

37. Plaintiff Ozburn is not looking to buy or sell a property. His property is not listed for sale and was not listed for sale at any point during the time he received calls from RTJ Investments.

38. Plaintiff Ozburn has never done business with RTJ Investments.

39. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Ozburn in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

40. Seeking redress for these injuries, Plaintiff Ozburn, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

41. Plaintiff Ozburn brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant RTJ Investments called on their cellular telephone number (2) using an artificial or pre-recorded voice.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant RTJ Investments called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

42. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a

8

controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Ozburn anticipates the need to amend the Class definition following appropriate discovery.

43. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

44. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant RTJ Investments or its agents placed pre-recorded voice message calls to Plaintiff Ozburn and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether Defendant RTJ Investments placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether the calls constitute a violation of the TCPA;

(d) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

9

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

45. **Adequate Representation**: Plaintiff Ozburn will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Ozburn has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Ozburn and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Ozburn nor his counsel have any interest adverse to the Classes.

46. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Ozburn. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Ozburn and the Pre-recorded No Consent Class)**

47. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

48. Defendant RTJ Investments and/or its agents transmitted unwanted telephone calls to Plaintiff Ozburn and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

49. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Ozburn and the other members of the Pre-recorded No Consent Class.

50. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Ozburn and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

# SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Ozburn and the Do Not Call Registry Class)**

51. Plaintiff repeats and realleges paragraphs 1-46 of this Complaint and incorporates them by reference herein.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Ozburn and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

55. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Ozburn and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

56. As a result of Defendant's conduct as alleged herein, Plaintiff Ozburn and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ozburn requests a jury trial.

DATED this 31st day of May, 2024.

**PAUL OZBURN**, individually and on behalf of all others similarly situated,

By: */s/ M. Cory Nelson*
M. Cory Nelson, MO # 63357
MCN Law LLC
12433 Antioch Rd. # 25442
Overland Park, KS 66225
Email: mcorynelson@mcnlawllc.com
Tel: 913-358-5800
*Local counsel for Plaintiff and the putative Classes*

Avi R. Kaufman, Esq. (*pro hac vice forthcoming*)
KAUFMAN P.A
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

*Attorney for Plaintiff and the putative Classes*